**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALLIANCE FOR WATER EFFICIENCY**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 115 |
| ) | |
| **JAMES FRYER**, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

This Court has just received the Judge's Copy of a newly-filed Complaint brought by Alliance For Water Efficiency ("AWE") against James Fryer ("Fryer"), in which AWE invokes the diversity-of-citizenship branch of federal subject matter jurisdiction. Because the Complaint is flawed in that respect, however, this memorandum order is issued sua sponte to require that AWE's counsel cure the Complaint's flaws in that respect.

As for AWE, Complaint ¶ 2 alleges that it "is a stakeholder-based 501(c)(3) non-profit organization . . . with its headquarters located at 300 W. Adams St., Suite 601, Chicago, Illinois." That provides the requisite information as one aspect of AWE's citizenship as defined in 28 U.S.C. § 1332(c)(1) -- the location of its principal place of business -- but it is silent as to the other facet of corporate citizenship: its state of incorporation. Accordingly AWE must swiftly file an amendment to Complaint ¶ 2 providing the missing information.

As to Fryer, Complaint ¶ 3 characterizes him as "a resident of California" -- an odd allegation in light of the requirement that diversity of <u>citizenship</u> is the federal jurisdictional prerequisite. Although people may most often maintain their domicile in the same location

where they reside, that is not always the case, and our Court of Appeals has on several occasions stated (as in <u>Adams v. Catrambone</u>, 359 F. 3d 858, 861 n.3 (7th Cir. 2004)) that "[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit."

That position has always struck this Court as Draconian, so that it regularly gives litigants the opportunity to cure that type of error. Accordingly, AWE is ordered to amend Complaint ¶ 3 as well within the same short time frame.

Because it does seem likely that diversity does exist in fact, so that the defects identified in this memorandum order are readily curable, this Court's courtroom deputy is concurrently entering this Court's customary initial scheduling order. If however AWE strikes out in its obligation to confirm the necessary diversity on or before January 20, 2014, this Court would of course be constrained to dismiss this action for lack of subject matter jurisdiction.

                                                        Milton I. Shadur
                                                        Senior United States District Judge

Date: January 15, 2014.