# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALLIANCE FOR WATER EFFICIENCY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 115 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| JAMES FRYER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 22, 2014, I issued a Memorandum Opinion and Order granting in part and denying in part the parties' cross motions to enforce a previously entered settlement agreement. [Dkt. #52]. *Alliance for Water Efficiency v. Fryer*, 2014 WL 5423272 (N.D.Ill. 2014).[1]  However, the opinion expressly noted that the order did not dispose of the case: "The most troublesome and conspicuous issue, notwithstanding the briefs' laconic treatment of the issue, involves the turnover of the Santa Rosa data. These were not matters that were the focus of the conference with the parties on April 16th and the subsequent telephone conferences in May. These are matters that require further explication and the case is set for further status and discussion on October 29, 2014 at 9:15 a.m." *Id.* at *13.

Thereafter, the parties and the court had a series of discussions in an attempt to resolve the parties' dispute on this question and to discuss whether the case could be resolved amicably. In that connection, Mr. Fryer, without leave of court, on November 17, 2014, submitted a lengthy "Statement" with exhibits and his Declaration.  On November 18, 2014, without leave of court, the

---

[1] A motion to enforce a settlement agreement is, in effect, a request for a mandatory injunction. *Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221, 1225 (7th Cir. 1993)(Posner, J.).

plaintiff's submitted his "response" to the Statement. [Dkt. #56]. The document was 21 pages long and reargued and expanded upon its original arguments in the briefs filed in support of and in opposition to the cross motions. To this Statement, which, in addition to being filed without permission, exceeded by six pages the size of a brief under Local Rule 7.1, were attached six exhibits totaling 128 pages, including a Declaration from Mr. Fryer.

Predictably and quite properly, the plaintiff's six-page Response argued that the "Statement" was "nothing more than a disguised motion to reconsider," and a "transparent attempt to improperly cause an untimely 21-page brief and 128 pages of purported evidence to become part of the record for appellate purposes." [Dkt. #56, 1].[2] The Response went on to complain vigorously that:

> In essence, Fryer has improperly taken the opportunity of a status conference to attempt and re-open every single issue of the case, including those related to the underlying claims at issue even though all that is now before the Court is the enforcement of the settlement which was reached in this case back in March. Accordingly, the Court should strike Fryer's improperly and untimely filed 21-page "Statement" and 128 pages of exhibits from the record.

*Id.* The request that the "Statement" be stricken was repeated at the close of the plaintiff's Response.

Not wanting to discourage whatever chance there was for the parties to resolve their dispute, I took the motion under consideration and set a further status conference for December 5, 2014. [Dkt. #57]. The defendant again submitted a further "Statement" in connection with the December 5th

---

[2] In varying contexts, case after case has recognized the importance of page limitations and rejected stratagems for avoiding them. *See, e.g., THI of New Mexico at Valle Norte, LLC v. Harvey,* 527 Fed.Appx. 665, 671–72, 2013 WL 2435349, *6 (10th Cir.2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 2012 WL 2576136, *4 (N.D.Cal.2012); *Swanson v. U.S. Forest Service,* 87 F.3d 339, 343 (9th Cir.1996); *Frank v. United States,* 78 F.3d 815, 833 (2nd Cir.1996); *Ervin v. Bowersox,* 1996 WL 634204, *15 (W.D.Mo.1996). "Enforcing page limits and other restrictions on litigants is rather ordinary practice," "which is rather strictly, and cheerfully, enforced." *Watts v. Thompson,* 116 F.3d 220, 224 (7th Cir.1997). Page limitations are "designed as much for the benefit of the litigants as for the benefit of the court. ... A limitation induces the advocate to write tight prose, which helps his client's cause." *Morgan v. South Bend Community School Corp.,* 797 F.2d 471, 480–481 (7th Cir.1986) (Easterbrook, J,).

status conference. [Dkt. #58]. In addition to being a further unauthorized filing, this Statement contains a number of unsupported statements regarding the supposed views and opinions of third persons relating to issues in the case, even though unsupported statements in briefs are not evidence and do not count. *See INS v. Phinpathya,* 464 U.S. 183, 188–89 n. 6 (1984); *United States v. Adriatico–Fernandez,* 498 Fed.Appx. 596, 599–600 (7th Cir.2012); *United States v. Chapman,* 694 F.3d 908, 914 (7th Cir.2012); *Clifford v. Crop Production Services, Inc.,* 627 F.3d 268, 273 n. 6 (7th Cir.2010); *United States v. Diaz,* 533 F.3d 574, 578 (7th Cir.2008); *IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.,* 437 F.3d 606, 610–611 (7th Cir.2006); *United States ex rel. Feingold v. AdminaStar Federal, Inc.,* 324 F.3d 492, 494, 497 (7th Cir.2003); *Car Carriers Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984). *Cf. In re Payne,* 431 F.3d 1055, 1060 (7th Cir.2005)(Posner, J.)(unsubstantiated assertion at oral argument given no weight).

I have not considered either "Statement" filed by the defendant: each was unauthorized, and the plaintiff's objections to them were soundly based. Hence, the plaintiff's motions to strike the Statements and their attachments are granted.

Despite the extended and genuine efforts of counsel in this case, it is now apparent that there is no hope of compromise, and it is time to end the case in the District Court. Accordingly, for the reasons set forth in the Memorandum Opinion of October 22, 2014 [Dkt. #50], the cross motions are granted in part and denied in part. As to the question of the Santa Rosa data, Mr. Fryer must turn that data over if it has not already been turned over.

Although I do not believe that the "separate document" requirement under Rule 58, Federal Rules of Civil Procedure, applies given the history and procedural posture of the case, a Form AO 450 will be entered contemporaneously with this Order.

ENTERED: /s/ Jeff Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/7/15